United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 03-40736

———————————————

RAYMOND W. BURFORD, JR., DDS,

Plaintiff-Appellee,

versus

GREAT-WEST LIFE & ANNUITY INSURANCE CO.,

Defendant-Appellant.

———————————————————————————————

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 9:01-CV-319)

——————————————————————————————————————

Before KING, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

We reverse and render, for the following reasons:

1.  Generally, questions of contract construction, including the issue of whether a

contract is ambiguous, are questions of law for the court and are reviewed de novo.  See

Clardy Mfg. Co. v. Marine Midland Business Loans Inc., 88 F.3d 347, 352 (5th Cir.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996); <u>FDIC v. McFarland</u>, 33 F.3d 532, 539 (5th Cir. 1994); <u>American Totalisator Co. v. Fair Grounds Corp.</u>, 3 F.3d 810, 813 (5th Cir. 1993).

2. We hold as a matter of law that the critical language of the rider, excluding coverage for injury to "the cervicothoracic regions of the spine," unambiguously excludes coverage for appellee Burford's injury. Burford's accident indisputably resulted in a broken spine and a severed spinal cord between two thoracic vertebra. While the term "cervicothoracic" is not a common one, the medical and general dictionaries in the record consistently define the term as relating to the neck and thorax. By this universally recognized definition the injury occurred in the thoracic area of the spine and therefore occurred in the "cervicothoracic regions" of the spine. One reputable medical dictionary offered a second, alternative definition of cervicothoracic as relating to the transition between the neck and thorax, and Burford offered expert testimony that this definition is the only one used in the medical community. Under this definition Burford's injury did not occur at the transitional region. However, this alternative definition necessarily refers to a single transitional area and the rider refers to "regions" in the plural. This alternative definition is simply inconsistent with the plain wording of the rider. The expert's testimony that the use of "regions" was a "misnomer" and was "not proper English" was an improper attempt to rewrite the key language of the contract.

3. Accordingly, the judgment is reversed, and we hereby render a take nothing judgment in favor of appellant Great-West.

REVERSED and RENDERED.

2